953 F.2d 1384
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Vincent B. CAISE, Petitioner-Appellant,
v.
Al C. PARKE, Warden, Respondent-Appellee.
 No. 91-5741.
 United States Court of Appeals, Sixth Circuit.
 Feb. 7, 1992.
 
 Before BOGGS and ALAN E. NORRIS, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Vincent B. Caise, a pro se Kentucky prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 In August 1987, a jury convicted Caise of one count of first degree burglary, one count of kidnapping, one count of first degree robbery, one count of first degree rape, one count of first degree sodomy and with being a first degree persistent felony offender. This was Caise's second trial on the charges against him, as the first trial, in May 1987, resulted in a mistrial because the jury was unable to render a verdict. Caise received enhanced sentences of twenty years each on the burglary, kidnapping and robbery convictions and sentences of forty years each on the rape and sodomy convictions. After an unsuccessful appeal to the Kentucky appellate courts, Caise filed his habeas petition asserting: (1) the prosecution improperly introduced statements that he made to another inmate during his pre-trial incarceration; (2) a prosecution witness improperly testified that he had previously been convicted of another crime; (3) sufficient evidence did not exist to support his conviction; (4) the prosecution did not disclose exculpatory evidence to the defense; (5) his right against self-incrimination was denied when his fingerprints were taken; (6) evidence concerning a prior invalid felony conviction was incorrectly introduced at trial; (7) he was denied a fair trial when the prosecution failed to correct testimony which it knew to be false; (8) he was denied a full and fair suppression hearing; (9) the trial court did not suppress evidence of an unusually suggestive pre-trial identification; (10) he was denied due process when the trial court refused to admit defense testimony concerning the validity of the eyewitness identification; (11) the trial court improperly refused to admit testimony concerning the circumstances of his alleged confession; (12) the cumulative effect of all the trial court's errors denied him a fair trial; (13) his conviction of both first degree burglary and first degree robbery violated the Double Jeopardy Clause; (14) the trial court refused to give the defense's requested instructions on lesser included offenses; (15) he was denied due process by the cumulative effect of all the errors at his second trial; (16) his persistent felony offender conviction violates the Ex Post Facto Clause because it is based on inadmissible prior felony convictions; and (17) he was denied the effective assistance of counsel at both trials.
 
 
 3
 After a review of the magistrate judge's report and recommendation in light of Caise's objections, the district court adopted the report and recommendation, and dismissed the case. The district court found: (1) that Caise's third, sixth, and sixteenth issues had been procedurally defaulted in the state appellate courts and that Caise had failed to show cause and prejudice to excuse the defaults, and (2) that the remaining issues raised by Caise were meritless. Caise has filed a timely appeal, only challenging the district court's findings regarding his third, fourth, sixth, sixteenth, and seventeenth issues. He requests the appointment of counsel and a transcript at government expense in his brief.
 
 
 4
 Upon review, we conclude that the district court properly dismissed Caise's habeas corpus petition for the reasons stated in the magistrate judge's report and recommendation filed on April 4, 1991, as adopted by the district court's order filed on May 8, 1991.
 
 
 5
 Accordingly, the requests for counsel and for a transcript at government expense are hereby denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.